**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Richard Brakebill, Deloris Baker, Dorothy Herman, Della Merrick, Elvis Norquay, Ray Norquay, and Lucille Vivier, on behalf of themselves,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Alvin Jaeger, in his official capacity as the North Dakota Secretary of State,<br><br>　　　　　　　　　　Defendant. | **DEFENDANT'S RESPONSE TO MOTION TO DROP MS. DELORIS BAKER FROM THE MATTER**<br><br>**Case No. 1:16-CV-00008** |

## PRELIMINARY STATEMENT

In conjunction with a motion to withdraw as counsel for Plaintiff Deloris Baker, Plaintiffs' counsel also moved to drop Ms. Baker from the case and dismiss her without prejudice. See ECF Doc. No. 63. Plaintiffs' counsel states the motion for dismissal without prejudice is brought pursuant to Rule 21 of the Federal Rules of Civil Procedure. Defendant respectfully submits this response opposing the motion. Id. Plaintiffs' counsel has not shown that Ms. Baker was misjoined as a plaintiff. As a result, Rule 21 does not provide a basis for dropping Ms. Baker from this matter.

## ARGUMENT

Rule 21 is entitled "Misjoinder and Nonjoinder of Parties" and is the last in a set of four successive rules that address the joinder of claims (Rule 18), the permissive and required joinder of parties (Rules 19 and 20), and the misjoinder and nonjoinder of parties (Rule 21). As such:

> Rule 21 cannot be read alone but must be read in the light of Rules 18, 19 and 20 since, as Professor Moore states 'Rule 21 governs the situation when one or more of the above rules [referring to Rules 18, 19 and 20] has been violated.' 3 Moore's Federal Practice, 2902, 2904 (2d ed. 1948). Rule 21 was to minimize the harsh results which resulted from non-joinder and misjoinder under the common law.

United States v. Commercial Bank of N. Am., 31 F.R.D. 133, 135 (S.D.N.Y. 1962).

In other words, a party can be added under Rule 21 when there has been a nonjoinder of a party that should be in the case, and a party can be dropped under Rule 21 when there has been a misjoinder of that party. Rule 21's statement that "the court may at any time, on just terms, add or drop a party" cannot be read in isolation, but must be read in terms of whether there has been a misjoinder or nonjoinder.

Here, Plaintiffs' counsel has not established that Ms. Baker was misjoined, or that Rules 18, 19, or 20 have been violated. Thus, Plaintiffs' counsel has not established a threshold requirement that would permit the Court to drop Ms. Baker as party under Rule 21. A party cannot be dropped under Rule 21 without first having been misjoined. No showing has been made here that Ms. Baker has been misjoined.

Defendant takes no position with respect to the motion brought by Plaintiffs' counsel to withdraw as Ms. Baker's counsel. If the Court grants that motion, the result is simply that Ms. Baker remains in the case as a properly joined plaintiff, but that she is unrepresented unless and until she elects to obtain new counsel.

The rule that permits a properly joined plaintiff to be dismissed from an action is Rule 41, not Rule 21. Plaintiff's counsel cannot bring a motion to dismiss under Rule 41 on its own behalf; such a motion must be brought by the party herself. This premise is well-illustrated by assuming *arguendo* that Ms. Baker was the only plaintiff in this case. If the counsel of a single plaintiff moved to withdraw due to an inability to communicate with the client, it would not follow that the plaintiff's case itself would be dismissed without prejudice. Rather, the result would simply be that the case remained an active case with an unrepresented party. Should the plaintiff fail to obtain new counsel or fail to prosecute her case thereafter, the defendant would eventually be in a position to move to dismiss the claim with prejudice for a failure to prosecute.

Based on Plaintiffs' counsel's representations that he has been unable to communicate with Ms. Baker, Defendant respectfully submits that Plaintiff's counsel is

not in a position to be speaking on Ms. Baker's behalf with respect to whether Ms. Baker wants her action dismissed under Rule 41, with or without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiffs' counsel's motion to dismiss Ms. Baker from this action without prejudice should be denied.

Dated this 21st day of December, 2017.

> State of North Dakota
> Wayne Stenehjem
> Attorney General
>
> By: /s/ James E. Nicolai
> James E. Nicolai
> Deputy Solicitor General
> State Bar ID No. 04789
> Office of Attorney General
> 500 North 9th Street
> Bismarck, ND 58501-4509
> Telephone (701) 328-3640
> Facsimile (701) 328-4300
> Email jnicolai@nd.gov

Attorneys for Defendant.